```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```
In the Matter of the Complaint of
KEN W. YANICKY

                               Petitioner,          11-CV-6287

                                                            **DECISION AND ORDER**

```
_____
```

      Petitioner, Ken W. Yanicky ("Petitioner"), brings this action pursuant to 46 U.S.C. §§ 30501 *et seq.*, seeking exoneration from or limitation of liability, arising from the drowning death of Michael J. Steger ("Steger"), a passenger on his vessel, a 2007 22' Hydra Sport Runabout (the "vessel"), on September 2, 2010. Compl. at ¶¶ 1-3. Following this Court's Order restraining other lawsuits, approving Petitioner's Ad Interim Security for the value of the vessel and directing that notice be issued pursuant to Rule "F" of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule F"), the Estate of Michael J. Steger, through its Administrator, Jennifer Girolamo (the "Claimant"), filed a claim for damages relating to the drowning death of Steger while he was a passenger on Petitioner's vessel. (Docket Nos. 3, 6). The claim alleges that Petitioner "failed to exercise reasonable care as owner and captain of the [v]essel" and that this failure resulted in the drowning death of Steger. (Docket No. 6).

      Claimant now moves to dismiss Petitioner's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule

12(b)(6)"), contending that Plaintiff has insufficiently plead a claim for exoneration from or limitation of liability.  Claimant also contends that this case should be dismissed for Petitioner's failure to strictly comply with the notice requirements of Rule F. For the reasons set forth below, Claimant's motion is denied in its entirety.

### BACKGROUND

The following facts are taken from the Complaint.[1]  Petitioner is the owner of a 2007 22' Hydra Sport Runabout motor vessel.  On September 2, 2010, Petitioner, the vessel's captain, and passenger Steger were trolling on the navigable waters of Lake Ontario near Olcott, New York, when Steger jumped out of the vessel into the water.  Petitioner alleges that Steger jumped into the water after he expressly ordered him to remain in the boat.  When rescued, Steger was not breathing and unconscious, and he was later pronounced dead. Petitioner asserts that the drowning death of Steger did not result from any negligence or fault on his part.

On December 22, 2010, Petitioner received a letter from attorney Leo G. Finucane, who claimed to represent Steger's Estate of and the Administrator of theEestate, Jennifer Girolamo, Steger's

---

[1] In connection with a motion to dismiss under Rule 12(b)(6), the Court generally may only consider "facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." See Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir.2005); accord Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).  The Court declines, as Claimant appears to request, to consider documents outside of the Complaint or to convert the instant motion into a motion for summary judgement.

wife, in a wrongful death action. The letter specifically requested that Petitioner direct all correspondence relating to the wrongful death action or the incident upon which it was based to attorney Finucane's office.  Petitioner then filed this action on June 10, 2011, seeking exoneration from or limitation of liability arising out of the drowning death of Steger.

## DISCUSSION

In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a court must "accept...all factual allegations in the complaint and draw...all reasonable inferences in the plaintiff's favor." See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). In order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." See id. at 546. The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." See id. at 547.

46 U.S.C. § 30505(b) provides that a vessel owner may limit his liability arising from any loss or casualty on a vessel (including personal injury and death) which occurred "without the privity or knowledge of the owner" to "that owner's proportionate

interest in the vessel and pending freight." See In re Messina, 574 F.3d 119, 126 (2d Cir. 2009)(emphasis added). A vessel owner will be entitled to complete exoneration if the accident was not caused by any fault or negligence and he will be entitled to limit his liability to the value of his interest in the vessel if the fault or negligence causing the injury was not within his privity or knowledge, as that term is understood in this context. Id. The term "privity or knowledge" in this context means that the owner of the vessel was complicit "in the fault of the accident." Id. (citations omitted). "In the case of individual owners...privity as used in the statute means *some personal participation of the owner in the fault or negligence which caused or contributed to the loss or injury*." Id. (emphasis in original).

To establish that the injury was caused by negligence, as under common law, a claimant must establish duty, breach of duty and causation. In re Cornfield, 365 F.Supp.2d 271, 276 (E.D.N.Y. 2004), aff'd 156 Fed. Appx. 343 (2d Cir. 2005). And, while a vessel owner owes his passengers a duty of reasonable care under the circumstances, such a duty "does not render the vessel owner the insurer of his guest's safety." Id. (citing Monteleone v. Bahama Cruise Line, Inc., 838 F.2d 63, 64-65 (2d Cir.1988)).

To plausibly allege a claim for exoneration from or limitation of liability under 46 U.S.C. § 30505, Petitioner must allege facts in support of the following elements: "(1) that he has been sued

Page 4

for some loss, damage or injury; (2) that the loss, damage or injury was without his privity or knowledge; and (3) that he wishes to claim the benefit of limitation of liability." Staub v. Henshaw, 2006 WL 1650687 (W.D.N.Y)(citing Colonial Sand & Stone Co. v. Muscelli, 151 F.2d 884 (2d Cir. 1945)).  Here, Petitioner states that he was informed by the Claimant's counsel that a wrongful death action would be filed on behalf of the estate of Michael J. Steger. Compl. ¶6. He alleges that the decedent's drowning death was caused after he jumped out of the boat and into Lake Ontario "against the express orders of the Vessel's captain (Petitioner)." Compl. ¶4. And, he states that "the incident was not due to any fault, neglect, or want of care on the part of Petitioner." Compl. ¶5. Lastly, the Complaint seeks exoneration from or limitation of liability arising from the decedent's drowning death. Compl. ¶4. This Court finds that Petitioner's Complaint is sufficient to withstand dismissal at this stage.

Claimant (citing cases which are factually distinguishable or which are not binding on this Court) appears to argue that Petitioner's mere presence on the vessel precludes this action. However, such a premise is not the law of this Circuit. See e.g. Messina, 547 F.3d at 127 ("the mere presence on board of an owner does not constitute such privity as will preclude limitation of the owner's liability.")(quoting Complaint of Interstate Towing Co., 717 F.2d 752, 754 (2d Cir. 1983)).  Therefore, Claimant's

Motion to Dismiss for failure to state a claim is denied.

Claimant also contends (without citing to any authority) that this Court should dismiss Petitioner's Complaint based on his failure to specifically comply with the notice requirements of Rule F.  Rule F provides that in an action for limitation of liability involving death "notice shall be mailed to the decedent at the decedent's last known address, and also to any person who shall be known to have made any claim on account of such death."

After having received notice from counsel for the Estate of the decedent and its Administrator that the Estate intended to file a wrongful death action and that all correspondence regarding such an action be sent directly to counsel, Petitioner mailed the requisite Rule F notice to counsel and published notice, pursuant to this Court's Order, in the local newspaper.  Despite Petitioner's failure to strictly comply with the requirements of Rule F, under these circumstances, the Court finds that dismissal of the instant action is inappropriate.  There is no evidence that the Claimant was prejudiced by having received notice through counsel rather than at the last known address of the decedent and it was not unreasonable for Petitioner to believe that the Claimant had waived the requirements of Rule F by specifically requesting that any correspondence regarding the accident be sent to counsel

for the estate.[2]

## CONCLUSION

For the reasons set forth herein, Claimant's Motion to Dismiss the Complaint for failure to state a claim is hereby denied. Further, Claimant's Motion to Dismiss based on Petitioner's failure to strictly comply with Rule F of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions is also denied.

**ALL OF THE ABOVE IS SO ORDERED.**

                                  s/Michael A. Telesca
                                    MICHAEL A. TELESCA
                                United States District Judge

Dated:   Rochester, New York
        November 14, 2011

---

[2]Claimant also argues in its Reply brief that the Complaint should be dismissed for the Petitioner's failure to specifically notify several other potential claimants. However, as noted in this Court's Order denying Petitioner's request to file a Sur Reply, it is improper to raise new arguments in a Reply brief. And, for the same reasons stated herein, this Court does not find that dismissal is the appropriate remedy at this stage, particularly where there is no evidence of prejudice to any party. Further, to the extent that any party has not received the requisite notice, Rule F provides an adequate remedy, *i.e.* extension of time to file a claim.